UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA SEEKINS : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:11-cv-264 (VLB) |
| : | |
| MICHAEL J. ASTRUE, : | |
|     COMMISSIONER : | September 27, 2012 |
| SOCIAL SECURITY ADMINISTRATION, : | |
|     Defendant : | |

**MEMORANDUM OF DECISION ADOPTING THE RECOMMENDED RULING, DENYING THE PLAINTIFF'S MOTION TO REMAND AND GRANTING THE COMMISIONER'S MOTION TO AFFIRM**

Before the Court is the plaintiff, Linda Seekins' Motion to Reverse the Decision of the Commissioner which argues that the Commissioner's findings are not supported by substantial evidence in the record as a whole and that the decision was not rendered in accordance with the law. [Dkt. 21]. In response, the Commissioner has filed a Motion to Affirm the Decision of the Commissioner. [Dkt. 27]. Having reviewed Magistrate Judge Thomas P. Smith's recommended ruling [Dkt. 28], the Court ADOPTS his recommended ruling for the reasons discussed below. Plaintiff's Motion to Reverse the Decision of the Commissioner is DENIED. The Commissioner's Motion to Affirm the Decision of the Commissioner is GRANTED.

I. **Administrative Proceedings**

1

The Court presumes the party's familiarity with the lengthy proceedings below and the record before this Court. Therefore, only the facts relevant to the Plaintiff's objections are repeated here.

This action arises under Title II and Title XVI of the Social Security Act as set forth in 42 U.S.C. §401 et. seq. and 42 U.S.C. § 1382 et. seq. Jurisdiction to review the decision of the defendant, Commissioner of Social Security (the "Commissioner") is conferred on this Court by 42 U.S.C. §§405 (g), 421(d) and 1383(c).

The Plaintiff applied for Social Security Disability benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XVI of that Act. The Defendant Commissioner is empowered to make findings of fact and decisions as to the rights of individuals applying for benefits under the Act pursuant to 42 U.S.C. §§405, 421 and 1383.

The plaintiff received her first hearing before the Administrative Law Judge ("ALJ") on September 14, 2009. [Tr. 1087-1119]. After the hearing, the ALJ denied the claimant's request for benefits on October 14, 2009 [Tr. 34-47] and she appealed to the Decision Review Board. The Board vacated and remanded that first decision on January 15, 2010 and ordered the ALJ to obtain "supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." [Tr. 767-68]. A second hearing pursuant to that order was held on March 30, 2010 before ALJ Eileen Burlison. [Tr. 1120-46]. On September 23, 2010, the ALJ again issued an unfavorable decision and the

claimant appealed to the Decision Review Board.  [Tr. 15-33, 10-14].  That time, the Board affirmed the ALJ's determination on December 22, 2010.

On February 17, 2011, the claimant filed her complaint with the Court [Dkt. 1] and on February 22, 2011, her case was referred to Magistrate Thomas P. Smith ("Judge Smith").  [Dkt. 4].  On December 13, 2011, the Plaintiff filed her Motion to Reverse the Decision of the Commissioner [Dkt. 21] and on February 9, 2012, the Commissioner responded with a Motion to Affirm the Decision of the Commissioner.  [Dkt. 27].

On August 14, 2012, Judge Smith issued the Recommended Ruling.  [Dkt. 28].  In that order, Judge Smith recommends affirming the decision of the Commissioner and denying the plaintiff's motion.  His lengthy recommendation thoroughly discusses each claim the plaintiff raised in her complaint to this court, assesses the facts presented in the record and applies those facts to the relevant legal standards.

After requesting and being granted an extension of time to object to Judge Smith's Recommended Ruling, the plaintiff filed an Objection on September 5 in which she raises three specific objections and makes a vague reassertion of her objections to the ALJ's decision, without specifying any particular objection to Judge Smith's recommended ruling.  [Dkt. 31].  The three contentions raised are that the Magistrate Judge: 1) applied an incorrect standard of review; 2) erred as a matter of law in failing to find certain of the plaintiff's impairments to be "severe;" and 3) erred as a matter of law in failing to find the "treating physician rule" was not followed.

On September 21, 2012, the Commissioner responded to those three objections. [Dkt. 32]. Because the Court agrees with the legal analysis provided by Judge Smith on the issues raised in the plaintiff's initial complaint, the Court will not repeat that discussion and instead refers the parties to his Recommended Ruling. Accordingly, the Court addresses the three arguments raised in the plaintiff's Objection to the Recommended Ruling. For the following reasons and the reasons discussed at length by Judge Smith, the plaintiff's Motion to Reverse the Decision of the Commissioner is DENIED.

II.     **Standard of Review**

Following the denial of a supplemental security income claim, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." § 42 U.S.C. §405(g); *see also id*. §1383(c)(3).

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). Even where the administrative record

may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)).

### III. Discussion

#### a) Objection #1: Standard of Review

The plaintiff objects to Judge Smith's recommended ruling based on a distinction between the standard of review: "In adopting a 'substantial deference' standard, The Magistrate Judge has limited the Court's role to far too great an extent." Pl.Obj. at 2. Instead, she argues that the standard should be "fairly deferential." Id. For that proposition, she provides a string citation to cases that do not distinguish the "fairly deferential" and "substantial deference" standards of review. Id. Rather, they stand for the proposition that, absent legal error, the reviewing court is limited to a determination of whether or not the Commissioner's decision rests on substantial evidence. The plaintiff concedes that this hairline distinction is one of semantics. Moreover, she makes no argument as to how the Judge Smith's application of the "fairly deferential" standard would have altered his conclusion. Therefore, this Court finds no legal error on this ground and to the extent there was an error, that such error was harmless.

#### b) Objection #2: Severity of Impairments

**Next, the plaintiff contends that Judge Smith's recommendation does not apply the correct legal standard in reviewing her claimed error of the Commissioner's determination that she was not impaired. "By focusing on the durational requirement of severity exclusively, the Magistrate Judge has applied an incorrect legal standard." Id. at 3. After discussing the proper standard, the plaintiff concludes by mischaracterizing Judge Smith's analysis on just one of the four claimed impairments by truncating his sentence: ". . . the Magistrate Judge *explicitly found* an impairment '. . . was not severe, as the impairment did not satisfy the twelve month durational requirement.'" Id. at 4 (emphasis added).**

**First, the Court notes that Judge Smith did not conduct a *de novo* review or render any factual findings in his review of the administrative record. Rather, in evaluating the plaintiff's claim that her irritable bowel syndrome caused by a 4-5 month period of weight loss did not meet the definition of "disability," Judge Smith recommended a finding that "the ALJ's determination that the plaintiff's irritable bowel syndrome was not severe, as the impairment did not satisfy the twelve month durational requirement." Rec.Ruling at 10.**

**Second, the Court notes that both 42 U.S.C. § 423(d)(1)(A), relating to disability insurance benefits, and 42 U.S.C. § 1382c(a)(3)(A), relating to SSI payments based on disability, define disability as the inability:**

> **to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . .**

**An individual is only disabled, however, if:**

6

>his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . .

42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

In Judge Smith's recommended ruling, he applies this standard to all four of the impairments plaintiff claims constituted error by the ALJ; Lyme disease, irritable bowel syndrome, migraine headaches, and PTSD. He concludes that there was substantial evidence to support the ALJ's determination that all four alleged impairments were not severe. Rec.Ruling at 11. With respect to the Lyme disease, Judge Smith states that substantial evidence supported a finding that it was only a sporadic ailment and notes that two tests ordered by plaintiff's physician were negative for the disease. Id. at 8. Next, Judge Smith states that substantial evidence only supported a finding that the irritable bowel syndrome only lasted 4-5 months. Id. at 9-10. Third, Judge Smith states that that the plaintiff's claimed migraine headaches are not severe, contrary to her objection to his recommendation, because substantial evidence could not support a finding, nor did the ALJ determine that her headaches limited her ability to perform basic work activities. Id. at 10-11. Finally, Judge Smith states that the Plaintiff has failed to produce sufficient evidence to demonstrate that her claimed PTSD impedes her ability to perform basic work activity. Id. at 11. This Court agrees with the methodical reasoning detailed by Judge Smith and finds that it is in accord with the legal standard.

For those two reasons, the Court finds the plaintiff's second objection is without merit.

### c) Objection #3: The Treating Physician Rule

The plaintiff objects to the recommended ruling because Judge Smith's opinion recommends that this Court find that the ALJ properly applied the treating physician rule. She contends that there was no legal basis for rejecting the opinions of treating physician Dr. Anandhi Pathman. Pl.Obj. at 5-6. Further, she argues that the ALJ did not explain why she rejected Dr. Pathman's opinions. Id. at 6-7.

"The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 78-79 (2d Cir.1999)(finding the ALJ to have committed legal error where he failed to fully develop the record and, instead discredited the treating physician's assessment); 20 C.F.R. § 404.1527(d)(2). An ALJ is required to provide "good reasons" to accord the opinion other than controlling weight. *See Halloran,* 362 F.3d 28, 32 (2d Cir. 2004)(affirming the ALJ's determination to discredit the treating physician because he provided "good reasons" and such determination was supported by evidence in the record); 20 C.F.R. § 416.927(d)(2). "We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran,* 326 F.3d at 33. Moreover, "an ALJ cannot reject a treating physician's diagnosis without first

attempting to fill any clear gaps in the administrative record." *Rosa,* 168 F.3d at 79. Instead, the ALJ has an affirmative duty to develop the administrative record, regardless of whether the claimant is proceeding *pro se* or is represented by counsel. *Id.; Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996)(affirming a denial of benefits because the ALJ fully developed the record and considered the claimant's treating physician's records), *Taverez v. Barnhart*, 124 Fed.Appx. 48, 49 (2d Cir. 2005)(vacating and remanding where the ALJ's rejection of the treating physician's opinions was not supported by substantial evidence). The rule in the Second Circuit on this point could not be clearer:

> The treating physician rule states that the treating physician's opinion on the subject of medical disability is "(1) binding on the fact-finder unless contradicted by substantial evidence and (2) entitled to some extra weight, even if contradicted by substantial evidence.

*Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991)(vacating and remanding to the district court where new evidence of injury would be sufficient for remand to the Secretary but affirming the application of the treating physicians rule to the evidence presented by claimant) *quoting Schisler v. Bowen,* 851 F.2d 43, 47 (2d Cir.1988)(clarifying Section 223(d)(5) of the Social Security Act, as amended by the Social Security Disability Benefits Reform Act of 1984). *See also Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978) ("The expert opinions of a treating physician as to the existence of a disability are binding on the factfinder unless contradicted by substantial evidence to the contrary."). As a necessary corollary, the opinions of "examining physicians" are entitled to very little weight, particularly when they contradict the treating physician's testimony. *Torres v.*

9

*Bowen*, 700 F.Supp. 1306 (S.D.N.Y. 1988)(reversing and remanding where the ALJ failed to support his RFC conclusion and disregarded the evidence presented from the treating physician). *See also Kahle v. Commissioner of Social Sec.*, 845 F.Supp.2d 1262 (M.D.Fla. 2012) ("The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician.  Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone.  While the opinion of a one-time examining physician may not be entitled to deference, especially when it contradicts the opinion of a treating physician, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician.") (internal citations omitted).  Thus, "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole . . . ." *Hancock v. Secretary of Health, Education, and Welfare,* 603 F.2d 739, 740 (8th Cir.1979)(reversing where ALJ based determination of non-disability on consulting physician's report). *See also Smith v. Sullivan,* 776 F.Supp. 107 (E.D.N.Y.1991) (reversing where ALJ based determination of non-disability on two one-time examining physician's reports). Disregard of this "treating physician" rule is itself a sufficient basis for remand.  *Balke v. Barnhart*, 219 F.Supp.2d 319, 322-23 (E.D.N.Y. 2002)(remanding where the ALJ failed to properly apply the rule and justify disregard of the treating physicians' opinions).

The expert opinions of a treating physician as to the existence of a disability are binding on the factfinder, and therefore it is not sufficient for the

ALJ simply to secure raw data from the treating physician.  *See Peed v. Sullivan*, 778 F.Supp 1241, 1246-47 (E.D.N.Y. 1991)(noting that the significance of the treating physician is that this evidence provides the unique opportunity to develop an informed opinion about the claimant, reversing and remanding for failure to apply the treating physician rule), *Ayer v. Astrue*, 2012 WL 381784, No. 2:11-CV-83 (D.Vt. Feb. 6 2012)(applying the *Peed* analysis to represented claimant and remanding because the ALJ failed to adequately develop the record), *Donato v. Secretary of Health & Human Services,* 721 F.2d 414, 419 (2d Cir.1983) ("we have regarded a treating physician's diagnosis, to the extent it is uncontradicted, as binding").  What is valuable about the perspective of the treating physician and what distinguishes this evidence from the examining physician and from the ALJ is his opportunity to develop an informed opinion as to the physical status of a patient. *See Peed* at 1246.  To obtain from a treating physician nothing more than charts and laboratory test results is to undermine the distinctive quality of the treating physician that makes his evidence so much more reliable than that of an examining physician who sees the claimant once and who performs the same tests and studies as the treating physician. It is the *opinion* of the treating physician that is to be sought; it is his *opinion* as to the existence and severity of a disability that is to be given deference.  *See Peed* at 1246 (noting the significance and import of the treating physician's records).

　　　As a social security disability hearing is non-adversarial, the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States*

*Department of Health & Human Services,* 13 F.3d 359, 360-61 (10th Cir.1993) (reversing and remanding for further development of the record where ALJ fails to inquire about past relevant work and to base the determination at step for of the analysis on substantial evidence). "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]" *Sims v. Apfel,* 530 U.S. 103, 111 (2000) (internal citation omitted) (discussing the ALJ's obligations and the nature of the proceedings).  Where the ALJ fails to fulfill the duty to develop the record, the reviewing district court should reverse the Commissioner's decision and remand the appeal from the Commissioner's denial of benefits for further development of the evidence.  See *Rivera v. Barnhart*, 379 F.Supp.2d 599 (S.D.N.Y. 2005) (reversing and remanding where the ALJ failed to fully develop the record regarding claimant's work history and alleged physical and mental disabilities).

     In the present case, Judge Smith has provided a lengthy analysis in which he applies the treating physician rule to the record and ultimately recommends affirming the findings of the ALJ.  This portion of the Recommended Ruling thoroughly explains why the treating physician, Dr. Pathman was credited and to what degree by the ALJ, and why the opinions of reviewing psychologist Dr. Schroeder and Dr. Pothiawala were also considered in the ALJ's determination.  It is unnecessary for this Court to rehash the lengthy details of each analysis conducted by Judge Smith in this opinion.  Instead, the Court incorporates by reference that analysis here.  It is sufficient to say that the Recommended Ruling properly assesses the ALJ's application of the treating physician rule under the

applicable standard discussed above, and further that, the ALJ properly concluded that the claimant was not disabled taking into consideration the totality of the administrative record, including the claimant's medical records and the opinions of all of the claimant's treating physicians and the claimant's testimony.  For that reason, the Court finds that Judge Smith did not err as a matter of law and that he properly recommends that this Court find that the treating physician rule was followed by the ALJ.

IV.     Conclusion

The Court ADOPTS Judge Smith's Recommended Ruling.  The Plaintiff's Motion to Reverse is DENIED [Dkt. 21] and the Commissioner's Motion to Affirm is GRANTED [Dkt. 27].  The Clerk is directed to close this case.

                               IT IS SO ORDERED.
                               _____/s/_____
                               Vanessa L. Bryant
                               United States District Judge

Dated at Hartford, Connecticut:  September 27, 2012.